# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
TIARA SPOONER, parent of        *   No. 13-159V
G.S., a minor,                  *   Special Master Christian J. Moran
                                *
              Petitioner,       *   Filed: June 9, 2014
                                *
v.                              *   Attorneys' fees and costs;
                                *   stipulation of fact; award in
SECRETARY OF HEALTH             *   the amount to which respondent
AND HUMAN SERVICES,             *   does not object
                                *
              Respondent.       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On May 29, 2014, respondent filed a joint stipulation concerning final attorneys' fees and costs in the above-captioned matter. Previously, Ms. Spooner filed a motion for attorneys' fees and costs on May 13, 2014. The stipulation requests a total amount of $17,000.00. The Court awards this amount.

Petitioner filed for compensation alleging that the hepatitis A vaccine caused her child, G.S., to suffer Guillain-Barré syndrome ("GBS"). Petitioner's claim was dismissed for insufficient proof. Decision, filed Jan. 16, 2014.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records and filed briefs in opposition to respondent's motion to dismiss, addressing a question of law with limited precedent regarding whether her lumbar puncture and IVIG therapy constituted a "surgical intervention."  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks **$17,000.00** in attorneys' fees and costs for petitioner's counsel.  Additionally, petitioner filed a statement of costs in compliance with General Order No. 9, stating that she incurred **$350.00** while pursuing this claim.  Respondent stated that she had no objection to the total award in the amount of **$17,000.00** for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

> **A lump sum of $17,000.00 in the form of a check jointly payable to petitioner and her counsel, Ronald C. Homer, Esq., of Conway, Homer & Chin-Caplan for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

Any questions may be directed to my law clerk, Marc Langston, at (202) 357-6392.

**IT IS SO ORDERED.**

---

[2]  Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

3

                s/Christian J. Moran
                Christian J. Moran
                Special Master